UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| PLAINTIFF, | ) No.  2:17-cv-02513 ) |
| v. | ) JURY DEMAND ) |
| PS HOLDING LLC,    a Delaware limited liability company,    doing business as Pizza Studio, | ) ) ) ) |
| DEFENDANT. | ) ) |

## COMPLAINT

### NATURE OF THE ACTION

1. This is an action under the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. § 201 *et seq.*, as it applies to the United States Equal Employment Opportunity Commission's enforcement of the Equal Pay Act of 1963 (EPA), 29 U.S.C. § 206(d). As alleged with greater particularity below, PS Holding LLC, thorough a wholly-owned subsidiary, PS Development Company VI, LLC, the latter company formerly doing business in Kansas City, Kansas, as Pizza Studio, illegally retaliated against Ms. Jensen Walcott and Mr. Jake Reed after Walcott and Reed discussed their pay inequity and Walcott complained to Pizza Studio management about being paid less than Reed for a job with the same required skill, effort, responsibility, and working conditions.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

1

3. This action is authorized and instituted pursuant to 29 U.S.C. §§ 216-217, to enforce both the EPA's substantive provision prohibiting unequal pay, 29 U.S.C. § 206(d), and the FLSA's antiretaliation provision, 29 U.S.C. § 215(a)(3), which applies to the EPA.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the employment practices alleged to be unlawful were committed within the United States District Court for the District of Kansas.

5. Venue is proper in the Kansas City-Leavenworth Division because a substantial portion of the employment practices alleged to be unlawful were committed in Wyandotte County.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission is the agency of the United States charged with the enforcement of the EPA, including the FLSA's antiretaliation provision, and is authorized to bring this action pursuant to 29 U.S.C. §§ 216-217, as amended by Reorganization Plan No. 1 of 1978, 43 F.R. 19807, 92 Stat. 3781, 5 U.S.C. App. § 1 (Supp. 2014), p. 230, ratified by Pub. L. 98-532, § 1, 98 Stat. 2705 (1984).

4. Defendant PS Holding LLC ("Pizza Studio") is a Delaware limited liability parent company which did business thorough a wholly-owned subsidiary PS Development Company VI, LLC, a California limited liability company (registered to do business in Kansas), and operated a Pizza Studio restaurant located in Kansas City, Kansas.

5. Defendant also operates restaurants nationwide through five additional wholly-owned California limited liability companies -- PS Development Company I, LLC; PS Development Company II, LLC; PS Development Company III, LLC; PS Development Company IV, LLC; and PS Development Company V, LLC (collectively, with PS Development Company VI, LLC, "subsidiaries").

2

6. Defendant seeks to sell the restaurants operated by each of its subsidiaries to franchisees, as it did with the Kansas City restaurant operated by PS Development Company VI, LLC, after the cause of action here accrued in June 2016.

7. Until it sells them, however, each subsidiary's operations are interrelated with those of the Defendant.

8. Until it sells them, each subsidiary's labor relations are centrally controlled by Defendant.

9. Until it sells them, each subsidiary and Defendant share common management.

10. Until it sells them, each subsidiary is wholly-owned by Defendant.

11. At all relevant times, with respect to the allegations made in Counts I-III, Pizza Studio continuously did business in Kansas City, Kansas.

12. At all relevant times, Pizza Studio continuously was an employer within the meaning of 29 U.S.C. § 203(d).

13. At all relevant times, Pizza Studio continuously employed employees engaged in commerce within the meaning of 29 U.S.C. § 203 (b) and (e).

## ADMINISTRATIVE PROCEDURES

14. On June 22, 2016, the Director of the Equal Employment Opportunity Commission's St. Louis District Office issued an EPA Directed Charge and Investigation of Pizza Studio (EEOC Charge No. 563-2016-01675) pursuant to the Commission's powers under 29 U.S.C. § 211(a) and the delegation of that power to him by 29 C.F.R. § 1620.30(b).

15. On February 10, 2017, the Directed Charge was amended, pursuant to the same authority cited *supra* ¶ 14.

16. On March 29, 2017, following the Commission's investigation, the Commission issued a Letter of Determination finding reasonable cause to believe that Pizza Studio violated both the EPA and the EPA's antiretaliation provision.

## **STATEMENT OF FACTS**

17. Ms. Jensen Walcott and Mr. Jake Reed were high school students and friends.

18. In June 2016, Walcott and Reed applied to work for Pizza Studio at its restaurant in Kansas City, Kansas.

19. On June 15, 2016, Walcott and Reed were interviewed separately for "Pizza Artist" positions at the restaurant.

20. Reed was interviewed by the Store Manager, Ms. Allison Olandese, who offered him a job at $8.25 per hour.

21. Reed accepted the job offer.

22. Reed immediately informed Walcott and others that he was going to be a Pizza Artist.

23. Walcott was subsequently interviewed by the Shift Supervisor, Ms. Alyssa Miller, with Olandese observing the interview.

24. At the end of Walcott's interview, Miller consulted with Olandese and then returned to Walcott, offering her a job at $8.00 per hour.

25. Walcott accepted the job offer.

26. After departing the restaurant, Walcott contacted Reed and told him that she too got a job at Pizza Studio and asked how much he was making.

27. Reed responded that he was offered $8.25 per hour.

28. Shortly after learning of the pay discrepancy, Walcott called Pizza Studio and left a voicemail.

29. When Miller called back, Walcott complained that her friend, Reed, was hired just before her at a higher rate of pay, and asked why she was being paid less than a man for the same work.

30. Miller placed Walcott on hold and then returned to the phone with Olandese standing next to her.

31. According to Pizza Studio, Olandese was involved in the conversation, with Miller relaying contemporaneously to Olandese what Walcott was saying, and Olandese telling Miller what to say to Walcott.

32. Miller told Walcott the job offers to both her and Reed were withdrawn because they had discussed pay.

33. Miller, at Olandese's direction, then called Reed and told him that because he had discussed his pay, he no longer had a job.

34. Shortly thereafter, Walcott's mother contacted Pizza Studio and the media to seek the answers her daughter did not get regarding the unequal pay and the withdrawal of her daughter's job offer.

35. After the matter became public when the media reports were published, Pizza Studio internally discussed reaching out to both Walcott and Reed and offering them jobs at $8.50 per hour, contingent upon each signing an unspecified "release."

36. Pizza Studio ultimately contacted Walcott and Reed and both rejected the new offers of employment.

37. Although Miller told Walcott and Reed the reason for withdrawing the offers was because the two friends discussed wages in contravention to its policy, during the Commission's investigation Pizza Studio admitted that it "does not have a policy which prohibits employees from discussing salary /wages among themselves. Employees are free to do so."

38. Pizza Studio also now claims that the real reason for withdrawing the offer to Walcott was (despite evidence to the contrary) that she was "angry and being argumentative" on the phone which was "hostile and threatening."

39. Walcott was disturbed that she was not going to be paid the same as Reed but was not angry, argumentative, hostile or threatening.

40. As for the reason Reed's offer was withdrawn, Pizza Studio now states it simply "wanted to be fair and treat [Walcott and Reed] the same." Connecting this explanation with that for Walcott (¶ 38), Pizza Studio argues that because it withdrew Walcott's offer (given her "angry and argumentative" tone on the phone), it was only "fair" that it withdrew her friend Reed's offer as well.

41. With respect to the 25¢ pay differential between Walcott and Reed, Pizza Studio now claims past job history, friendliness, and demeanor, as well as availability, were the reasons.

42. Walcott had prior job experience and Reed did not.

43. Miller admits that Walcott's demeanor was friendly during her interview.

44. During the Commission's investigation, Pizza Studio provided pay data from January 2015, the date Defendant took over this restaurant, until July 2016, which provides support Walcott's complaint about being paid less than Reed and other men working in jobs with the same required skill, effort, responsibility, and working conditions.

## STATEMENT OF CLAIMS

### COUNT I
(EPA Retaliation - Withdrawal of Employment Offer from Walcott)

45. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

46. Pizza Studio's withdrawal of its employment offer from Walcott after she discussed her pay with Reed violated 29 U.S.C. § 215(a)(3).

47. Pizza Studio's withdrawal of its employment offer from Walcott after she complained of unequal pay violated 29 U.S.C. § 215(a)(3).

48. As a direct and proximate result of Pizza Studio's violation of 29 U.S.C. § 215(a)(3), Walcott suffered damages.

49. Pizza Studio's violation of 29 U.S.C. § 215(a)(3) chills reasonable persons from engaging in protected activity under the EPA.

50. Pizza Studio's unlawful actions were willful.

### COUNT II
(EPA Retaliation - Withdrawal of Employment Offer from Reed)

51. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

52. Pizza Studio's withdrawal of its employment offer from Reed after he discussed his pay with Walcott violated 29 U.S.C. § 215(a)(3).

53. In the alternate, Pizza Studio's withdrawal of its employment offer from Reed after Walcott complained of unequal pay violated 29 U.S.C. § 215(a)(3) because Reed falls within the "class of relationships for which third-party reprisals are unlawful," pursuant to *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170 (2011).

54. As a direct and proximate result of Pizza Studio's violation of 29 U.S.C. § 215(a)(3), Reed suffered damages.

55. Pizza Studio's violation of 29 U.S.C. § 215(a)(3) chills reasonable persons from engaging in protected activity under the EPA.

56. Pizza Studio's unlawful actions were willful.

## **COUNT III**
(EPA Unequal Pay - Walcott)

57. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

58. Pizza Studio's acts or omissions resulting in unfairly offering Walcott less than Reed and other men working in jobs with the same required skill, effort, responsibility, and working conditions violated 29 U.S.C. § 206(d).

59. Pizza Studio's unlawful actions were willful.

60. Pizza Studio's acts or omissions resulting in its offer to pay Walcott less than it paid Reed, were neither in good faith, nor did it have reasonable grounds for believing that its acts or omissions were not a violation of the EPA/FLSA.

61. As a direct and proximate result of Pizza Studio's violation of 29 U.S.C. § 206(d), Walcott suffered damages.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Pizza Studio violated 29 U.S.C. § 215(a)(3) when it discriminated against Walcott in retaliation for her complaining about unequal pay;

B. Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Walcott and Reed's discussion of pay was protected activity under 29 U.S.C. § 215(a)(3) and that Pizza Studio's discriminated against both when it withdrew its offer of employment because of it;

C. In in alternate to declaring Reed's discussion of pay with Walcott was protected activity (see Prayer for Relief, ¶ B), enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Reed falls within the "class of relationships for which third-party reprisals are unlawful," pursuant to *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170 (2011), and therefore that Pizza Studio violated 29 U.S.C. § 215(a)(3) when it discriminated against Reed in retaliation for Walcott complaining about unequal pay;

D. Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Pizza Studio violated 29 U.S.C. § 206(d) when it discriminated against Walcott by offering to pay her wages at a rate less than the rate it offered to pay Reed for a job that requires substantially equal skill, effort, and responsibility, and is performed under similar working conditions within the same establishment;

E. Issue a permanent injunction prohibiting PS Holding LLC, including its current and future subsidiaries (including but not limited to PS Development Company I LLC, PS Development Company II LLC, PS Development Company III LLC, PS Development Company IV LLC, PS Development Company V LLC, PS Development Company VI LLC), and its present and future owners, directors, members, officers, managers, agents, employees, successors, and assigns from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the EPA], or has testified or is about to testify in any such proceedings," in violation of 29 U.S.C. § 215(a)(3);

F. Issue a permanent injunction prohibiting PS Holding LLC, including its current and future subsidiaries (including but not limited to PS Development Company I LLC, PS Development Company II LLC, PS Development Company III LLC, PS Development Company IV LLC, PS Development Company V LLC, PS Development Company VI LLC), and its present and future owners, directors, members, officers, managers, agents, employees, successors, and assigns from paying women less than men for jobs that require substantially equal skill, effort, and responsibility, and are performed under similar working conditions;

G. Grant judgment requiring Pizza Studio to pay appropriate back pay, as well as liquidated, compensatory, and punitive damages, to Walcott and Reed for its violation of 29 U.S.C. §§ 206(d) and 215(a)(3);

H. Grant such other and further relief as this Court deems necessary and proper in the public interest; and

I.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial in Kansas City, Kansas, on all questions of fact raised by its complaint.

        Respectfully submitted,

        JAMES L. LEE
        Acting General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        ANDREA G. BARAN, #46520MO
        Regional Attorney
        Email: andrea.baran@eeoc.gov

        C. FELIX MILLER, #28309MO
        Supervisory Trial Attorney
        Email: felix.miller@eeoc.gov

        <u>/s/ Grant R. Doty</u>
        Grant R. Doty, # 78568
        Senior Trial Attorney
        EQUAL EMPLOYMENT
           OPPORTUNITY COMMISSION
        St. Louis District Office
        1222 Spruce St., Room 8.100
        St. Louis, MO 63103
        Phone: (314) 539-7918
        Fax. (314) 539-7895
        Email: grant.doty@eeoc.gov