UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| PLAINTIFF, | ) ) ) No.   2:17-cv-02513-CM-GEB |
| v. | ) ) |
| PS HOLDING LLC,<br>    a Delaware limited liability company,<br>    doing business as Pizza Studio, | ) ) ) ) |
| DEFENDANT. | ) ) |

### JUDGMENT AND ORDER

*I.    Recitals*

1.    Plaintiff Equal Employment Opportunity Commission filed a three count Complaint under the Equal Pay Act of 1963 (EPA), 29 U.S.C. § 206(d) against Defendant PS Holding LLC. Doc. # 1.

2.    The Commission alleged that PS Holding illegally retaliated against Ms. Jensen Walcott and Mr. Jake Reed after Walcott and Reed discussed their pay inequity and Walcott complained to Pizza Studio management about being paid less than Reed for a job with the same required skill, effort, responsibility, and working conditions. *Id*.

3.    On November 2, 2017, after good faith negotiations and with a desire to resolve the instant controversy without the expense, delay and burden of further litigation, PS Holding LLC served the Commission with an offer to allow judgment to be taken by Commission on specified terms pursuant to Fed. R. Civ. P. 68 (a). Doc. # 5-1.

4.    On November 2, 2017, the Commission served written notice to PS Holding LLC accepting its offer, pursuant to Fed. R. Civ. P. 68 (a). Doc. # 5-2.

1

5. On November 3, 2017, the Commission then filed, as directed by Fed. R. Civ. P. 68 (a), PS Holding LLC's offer (*supra* ¶ 3), its own acceptance (*supra* ¶ 4), plus proof of service. Doc. # 5.

6. Pending before this Court is the Commission's Consent Motion for Entry of an Agreed Upon Judgment and Order (the text of which the Commission emailed this Court pursuant to D. Kan Rule 5.4.4). Doc. # 6.

## II. *Preliminary Findings.*

7. Having carefully examined the record, including PS Holding LLC's offer of judgment, this Court finds:

    a. <u>Jurisdiction</u>. It has jurisdiction over the Parties and the subject matter of this action.

    b. <u>Venue</u>. Venue is appropriate.

    c. <u>Scope</u>. This Judgment and Order is intended to and does resolve all matters in controversy in this lawsuit between the Parties.

## III. *Judgment*

8. Pursuant to Fed. R. Civ. P. 68, JUDGMENT in this three count lawsuit is hereby entered in the PLAINTIFF's favor on the terms offered by Defendant PS Holding LLC, accepted by the Plaintiff Equal Employment Opportunity Commission, and set forth below (*infra* §§ IV-VII; ¶¶ 9-23).

## IV. *General Remedial Provisions.*

9. <u>Applicability</u>. The terms shall be binding upon the Parties, including PS Holding LLC's current and future subsidiaries (including but not limited to PS Development Company I LLC, a California LLC; PS Development Company II LLC, a California LLC; PS Development

Company III LLC, a California LLC; PS Development Company IV LLC, a California LLC; PS Development Company V LLC, a California LLC; PS Development Company VI LLC, a California LLC), and its present and future owners, directors, members, officers, managers, agents, employees, successors, and assigns (hereinafter "Pizza Studio"). But the terms shall not be binding on franchisees or licensees. For the duration (see ¶ 10), Pizza Studio shall provide a copy of the Judgment to any organization or person who proposes to acquire or merge with them or any proposed successor, prior to any such acquisition, merger or succession.

10. <u>Duration</u>. The terms will be in effect for a period of four years.

11. <u>Continued Jurisdiction</u>. The Court shall retain jurisdiction of this case for purposes of enforcing its terms.

## V.  *General Equitable Relief.*

12. <u>Non-Discrimination (Equal Pay and Nondiscrimination)</u>. In all matters arising from or relating to employment, Pizza Studio is enjoined from engaging in any employment practice which unlawfully pays employees of one sex less than employees of the opposite sex for jobs with the same required skill, effort, responsibility, and working conditions.

   a. Nothing in the preceding is intended to preclude Pizza Studio paying employees pursuant to the enumerated exceptions in the Equal Pay Act, 29 U.S.C. § 206(d)(1) – e.g., seniority system, merit system, earnings by quantity or quality of production, etc.

13. Pizza Studio is enjoined from retaliating against applicants or employees who complain about or report employees of one sex less being paid less than employees of the opposite sex for jobs with the same required skill, effort, responsibility, and working conditions.

14. Pizza Studio is enjoined from retaliating against applicants or employees who discuss their pay in order to determine if employees of one sex less being paid less than employees of the opposite sex for jobs with the same required skill, effort, responsibility, and working conditions.

15. <u>Policies</u>.

   a. Within thirty days of entry of Judgment, Pizza Studio will revise current policies to, or implement new policies that, at a minimum, do the following:

      i. Prohibit pay inequity between the sexes for jobs with the same required skill, effort, responsibility, and working conditions.

         a. Again, nothing in the preceding is intended to preclude Pizza Studio paying employees pursuant to the enumerated exceptions in the Equal Pay Act, 29 U.S.C. § 206(d)(1).

      ii. Prohibit retaliation against any applicant or employee because they complain about employees of one sex less being paid less than employees of the opposite sex for jobs with the same required skill, effort, responsibility, and working conditions.

      iii. Prohibit retaliation against any applicant or employee because they discuss their pay in order to determine if employees of one sex less being paid less than employees of the opposite sex for jobs with the same required skill, effort, responsibility, and working conditions.

        iv.    Mandate the reporting, collection, and centralized maintenance of bi-annual wage data by sex.

        v.    Require a biannual analysis by Lori Nauert, Defendant's Controller, of the wage data to ensure employees are paid in compliance with the EPA.

        vi.    Mandate the reporting, collection, and centralized maintenance of complaints about unequal pay.

    b.    Pizza Studio will provide a signed certification of compliance with this requirement, including copies of the revised or new policies to the Commission's Regional Attorney in the St. Louis District Office (at U.S. EEOC; Attention: Regional Attorney; 1222 Spruce Street; St. Louis, MO 63103), within 60 days.

16.    <u>Training</u>.

    a.    Within ninety days of entry of Judgment and again annually during the term of the Judgment, Pizza Studio shall provide one hour of training to each employee concerning the Equal Pay Act, ensuring that it includes training regarding retaliation.

    b.    Pizza Studio will provide a signed certification of compliance with this training requirement, along with the name and qualifications of the trainer, and the list of employees receiving the training, will be mailed to the Commission's Regional Attorney in the St. Louis District Office, within 120 days and thirty days after each subsequent year's training.

17. <u>Notice</u>.

   a. Within fifteen days of entry of Judgment Ron Biskin, Pizza Studio's Chief Executive Officer, shall sign the Notice attached as Exhibit A to its offer [and attached to this Judgment and Order], and Pizza Studio shall post copies of the signed notice in each Pizza Studio facility owned by Pizza Studio, in locations that are accessible to all employees and job applicants.

   b. Pizza Studio will send certification of compliance with this notice requirement, including the number and location of each posting (listing both the facility and the location within in facility) to the Commission's Regional Attorney in the St. Louis District Office within thirty days.

18. <u>Additional Reporting</u>.

   a. Semi-annually, by October 1 and April 1 of each calendar year during the duration of this Judgment, Pizza Studio will mail the Commission's Regional Attorney in the St. Louis District Office the following:

      i. The pay data collected pursuant to its new policy (see ¶ 15(a)(iv) *supra*) including employee name, sex, subsidiary, restaurant, position, date hired, and wage.

      ii. The equal pay complaints collected pursuant to the new policy (see ¶ 15(a)(vi) *supra*) including complainant, date of complaint, whether complainant is an applicant or employee, sex, subsidiary, restaurant, position, date hired, wage, and resolution of the complaint.

## VI. *Relief with Respect to Ms. Jensen Walcott and Mr. Jake Reed.*

19. Within ten days of entry of Judgment, Pizza Studio shall pay Walcott **$2,500.00**, as follows:

   a. Of that total amount, $850.00 is for back pay. This amount shall be reflected on an IRS Form W-2 produced by Pizza Studio. Pizza Studio shall be responsible for paying their share of the payroll taxes on this amount including all FICA and FUTA taxes, and withhold applicable payroll taxes owed by Walcott.

   b. The remaining $1,650.00 is for liquidated, compensatory, and punitive damages. This amount shall be reflected on an IRS Form 1099 produced by Pizza Studio.

   c. In the event of non-payment, it is acknowledged that the monetary relief agreed to herein is a debt owed to and collectible by the United States Government, notwithstanding that the Walcott is the ultimate beneficiary of the agreed monetary relief.

20. Within ten days of entry of Judgment, Pizza Studio shall pay Reed $2,500.00, as follows:

   a. Of that total amount, $850.00 is for back pay. This amount shall be reflected on an IRS Form W-2 produced by Pizza Studio. Pizza Studio shall be responsible for paying their share of the payroll taxes on this amount including all FICA and FUTA taxes, and withhold applicable payroll taxes owed by Reed.

      b.      The remaining $1,650.00 is for liquidated, compensatory, and punitive damages. This amount shall be reflected on an IRS Form 1099 produced by Pizza Studio.

21.      In the event of non-payment to Walcott or Reed, the monetary relief [in ¶¶ 19-20] is a debt owed to and collectible by the United States Government, notwithstanding that the Reed is the ultimate beneficiary of the agreed monetary relief.

22.      Neither Walcott's or Reed's monetary relief [in ¶¶ 19-20] is conditioned up on any agreement that they (a) maintain as confidential the facts and allegations underlying their complaint of discrimination, the lawsuit, or the terms of the Judgment; (b) waive their statutory rights to file a charge with any governmental agency; (c) refrain from reapplying for a job with Pizza Studio; or (d) sign a non-disparagement agreement.

## VII.   *Costs.*

23.      Pizza Studio offered Plaintiff recoverable costs accrued as the date of its offer. There were none. Therefore, no costs are awarded.

SO ORDERED

                                              s/ Carlos Murguia

Dated this 9th day of November, 2017

## Notice to All Pizza Studio EMPLOYEES

This Notice is being posted pursuant to a Judgment entered by the U.S. District Court in the District of Kansas in *EEOC v PS Holding LLC*, a Delaware registered limited liability company (hereinafter "Pizza Studio"), Case No. 2:17-cv-02513-CM-GEB.

In that case, the EEOC alleged that Pizza Studio discriminated against two job applicants in violation of the *Equal Pay Act of 1963* (EPA) and the *Fair Labor Standards Act of 1938* (FLSA).

The EPA mandates that employers pay men and women equally for jobs with the same required skill, effort, responsibility, and working conditions. The antiretaliation provision of the FLSA (which applies to the EPA) protects applicants and employees from retaliation. Specifically, it is unlawful to take a materially adverse action against an individual because of protected activity such as complaining about or discussing unequal pay.

In addition to specific terms regarding the former job applicants, the general terms of the Judgment require Pizza Studio to:

1. Refrain from engaging in any employment practice which unlawfully pays employees of one sex less than employees of the opposite sex for jobs with the same required skill, effort, responsibility, and working conditions.

2. Refrain from retaliating against applicants or employees who complain about employees of one sex less being paid less than employees of the opposite sex for jobs with the same required skill, effort, responsibility, and working conditions or discuss their pay in order to determine if employees of one sex less being paid less than employees of the opposite sex.

3. Ensure that its policies do the following:

    a. Explicitly prohibit pay inequity between the sexes for jobs with the same required skill, effort, responsibility, and working conditions.

    b. Explicitly Prohibit retaliation against any applicant or employee because they complain about employees of one sex less being paid less than employees of the opposite sex for jobs with the same required skill, effort, responsibility, and working conditions or discuss their pay in order to determine if employees of one sex less being paid less than employees of the opposite sex.

    c. Mandate the reporting, collection, centralized maintenance, and analysis of bi-annual wage data by sex.

    d. Mandate the reporting, collection, and centralized maintenance complaints about unequal pay.

4. Make certain reports to the EEOC to ensure compliance with the law.

The EEOC enforces the federal laws against discrimination in employment, including Title VII of the Civil Rights Act. General questions may be addressed by calling (800) 669-4000. Specific questions about this Notice may be directed in writing to: Pizza Studio Judgment, c/o Regional Attorney, EEOC St. Louis District Office, 1222 Spruce Street; St. Louis, MO 63103; or by phone to Grant Doty, Trial Attorney, 314-539-7918 or Felix Miller, Supervisory Trial Attorney, 314-539-7914.

Date: _____, 2017        Signed: _____